**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Levy, | No. CV-25-00039-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Sonoran Rovers LLC, et al., | |
| Defendants. | |

Defendants Sonoran Rovers LLC and Marcus and Colleen Whitaker filed a Motion to Dismiss Counts III and IV. (Doc. 21.) These counts allege Sonoran Rovers and Marcus Whitaker failed to pay all wages due, including overtime wages, in violation of Arizona Revised Statutes §§ 23-351 and 23-353. (Doc. 13 at 14–16.) Defendants argue that Levy's state law claims are preempted by the Fair Labor Standards Act ("FLSA") and that the Whitakers are not "employers" under the Arizona Wage Act ("AWA"). (Doc. 21.) Levy counters that the state claims are not for unpaid overtime, but for *untimely* payment of wages, and so are not preempted by the FLSA. (Doc. 22 at 7.) In addition, Levy argues Marcus Whitaker[1] is an "employer" as defined under the AWA. (*Id.* at 9–14.)

For the reasons stated herein, the Court will grant the motion as to Count IV against Mr. Whitaker individually and deny the motion as to Count III against Sonoran.

///

---

[1] Levy states Colleen Whitaker is named as a Defendant only as the spouse of Marcus Whitaker, "whose assets are . . . subject to Arizona community property laws." (Doc. 22 at 2, n.1.)

## I. Factual Summary

According to the First Amended Complaint, Levy was hired by Sonoran Rovers owner Marcus Whitaker as a full-time Shop Technician. (Doc. 13 ¶ 16.) Levy's duties included "maintenance and repair services on vehicles," as well as running errands for Whitaker. (*Id.* ¶ 21.) Whitaker labeled Levy as an independent contractor, despite exerting "extensive control over" Levy's work. (*Id.* ¶¶ 18–19, 24–27.) Later, when Whitaker returned from a trip to England, he reclassified Levy as an employee, but Levy's duties and Whitaker's oversight remained the same. (*Id.* ¶¶ 22, 28.) The change was announced in the middle of the pay period, and Whitaker applied the corresponding change in pay retroactively. (*Id.* ¶ 31.) This resulted in Levy's compensation being decreased by $10.00 an hour. (*Id.*) Whitaker also refused to pay Levy for overtime hours. (*Id.* ¶¶ 34, 37.) When Levy was injured on the job, he asked Whitaker whether Levy could take paid time off and inquired about the procedure for worker's compensation. (*Id.* ¶¶ 38, 49.) Instead of providing either, Whitaker terminated Levy's employment soon thereafter. (*Id.* ¶¶ 48–53.)

## II. Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss may be granted "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990). "Where a state law claim is preempted by federal law, dismissal may be granted under Fed. R. Civ. P. 12(b)(6)." *Washington v. Geo Grp., Inc.*, 283 F. Supp. 3d 967, 974 (2017) (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)).

There are three types of preemption, but in the FLSA context raised in this case, conflict preemption applies. *See Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 167021, at *2 (D. Ariz. Jan. 12, 2023), *reconsideration denied*, No. CV-19-05760-PHX-SMB, 2023 WL 2308372 (D. Ariz. Mar. 1, 2023). In an FLSA claim, conflict preemption occurs "'where it is impossible to comply with both state and federal requirements' or 'where state law stands as an obstacle to the accomplishment

and execution of the full purposes and objectives of Congress.'" *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 759–60 (9th Cir. 2010), *vacated on other grounds*, 565 U.S. 801 (2011) (quoting *Indus. Truck Ass'n v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997)).

### III.     Fair Labor Standards Act

The FLSA prevents an employer from making an employee work "longer than forty hours [a week] unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Barring certain exemptions, the FLSA indicates that that any employer in violation of § 207, "shall be liable to the employee . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

### IV.     Arizona Wage Act

The AWA requires that an employer "designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages" and is required "on each of the regular paydays, [to] pay to the employees . . . all wages due the employees up to that date . . . ." Ariz. Rev. Stat. §§ 23-351(A), (C). An employer must pay overtime wages no "later than sixteen days after the end of the most recent pay period.'" A.R.S. § 23-351(C)(3). Upon termination of employment, the employer must pay any wages due "within seven days or the end of the next regular pay period, whichever is sooner." A.R.S. § 23-353(a). "[I]f an employer . . . fails to pay wages due any employee, the employee may recover . . . an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Thus, "A.R.S. §23-355 . . . is more generous than the remedy provided by the FLSA for the failure to pay overtime." *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *4 (D. Ariz. Sept. 18, 2008).

### V.     Discussion

Plaintiff seeks treble damages under state law that are more generous than the liquidated damages provided under the FLSA. (Doc. 13 at 19.) Plaintiff's contention that the state recovery is not preempted by the FLSA relies primarily on the analysis regarding

untimely FLSA overtime claims found in *Salgado v. Flowers Foods Inc.*, No. CV-22-00420-TUC-JGZ, 2023 WL 5348753 (D. Ariz. Aug. 20, 2023).

Defendants argue that (1) the AWA claims are preempted by FLSA; (2) the AWA does not "pertain to overtime pay"; and (3) treble damages are not provided for under the FLSA and to allow Levy to seek treble damages under state law would undermine Congress' objectives and allow for duplicative damages. (Doc. 23 at 6, 9.)

The Court finds the analysis in *Salgado* persuasive. The Court acknowledges both a circuit and Arizona District Court split regarding whether recovery of untimely overtime wages sought under the AWA is preempted by the FLSA. *See Salgado*, 2023 WL 5348573 at *2 n.2 (collecting cases); *see also Weeks v. Matix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2022 WL 523323 at *3 (D. Ariz. Feb. 22, 2022) (same). However, the Arizona District Court cases in favor of preemption rely on the Ninth Circuit's contention that "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000). First, as explained in *Salgado*, this statement was dicta and has since been rejected. *Salgado*, 2023 WL 5348573 at *3 (citing *Wang*, 623 F.3d at 760).

Second, the AWA claims for the untimely payment of wages are not preempted by the FLSA because an employer can follow both state and federal law simply by paying an employee's overtime wages and also paying on time. *Id.*

Third, because "[t]he principal purpose of the FLSA" is to institute wage regulations that protect employees, allowing employees to recover for untimely payment of wages does not obstruct this purpose. *Id.* at *1, *3 ("The AWA's requirement that an employer *timely* pay its employees' overtime wages that it owes furthers Congress' purpose of protecting covered employees from substandard wages and oppressive working hours."); *see also Wang*, 623 F.3d at 759.

Fourth, while "the 'AWA does not require payment of overtime . . . it does require that, when due, overtime pay'" is *timely* paid. *Butler v. Specialized Loan Servicing LLC*, No. 24-cv-01087-PAB-SBP, 2025 WL 404302, at *7 (D. Colo. Feb. 4, 2025) (*quoting*

- 4 -

*Salgado*, 2023 WL 5348573, at *2). Thus, Defendants are incorrect that AWA does not pertain to overtime pay.

Fifth, while the AWA's provision for treble damages encompasses a more demanding pay provision than the FLSA's double damages, this is permissible. *Salazar*, 2023 WL 167021, at *2 (quoting *Pettis Moving Co. Inc. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986) ("Section 218(a) of the FLSA explicitly permits states to set more stringent overtime provisions than the FLSA."); *see also Lewis v. MHM Health Pros., LLC*, 696 F. Supp. 3d 707, 723 (E.D. Mo. 2023) (finding that the AWA is broader than the FLSA in that "(1) it requires employers to pay all wages due, not just overtime, (2) it requires employers to pay wages in a timely manner, and (3) it authorizes recovery of treble damages" and this is allowed under the FLSA's saving clause (citations omitted)). Although "overtime claims that are directly covered by the FLSA must be brought under the FLSA," *Salazar*, 2023 WL 167021, at *2, a claim of *untimely* payment of wages is not directly covered under the FLSA, and allows for different forms of relief, *Butler*, 2025 WL 404302, at *9.

The Court finds FLSA does not preempt Plaintiff's claims that Defendants failed to *timely* pay wages under the AWA.

## VI.   "Employer" Under FLSA

Under A.R.S. § 23-350, an employer includes:

> any **individual**, **partnership**, association, joint stock company, trust **or corporation**, the administrator **or** executor of the estate of a deceased individual **or** the receiver, trustee **or** successor of any of such persons **employing any person**. Employer also includes this state and any county, municipality, school district **or** other political subdivision of this state.

(emphases added). The "statutory definition **does not** . . . **authorize individual liability against the owners**, officers, and directors **of a corporate employer** in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (*citing Channel v. Home Mortg., Inc.*, 2005 WL 8160525, *5 (D. Ariz. 2005) (emphases added)).

1 Defendants argue Mr. Whitaker was not Levy's employer as defined under A.R.S. § 23-350 *et seq.*; he was merely the owner of Sonoran. (Doc. 21 at 4.) They state "individual, members of a corporate entity cannot be held personally liable under the statute" and "only the entity 'employing any person' is an 'employer.'" (Doc. 23 at 2, 4.) This is because the AWA's definition of "employer" is narrower than the FLSA's, Defendants contend. (*Id.* at 4.)

Plaintiff concedes that the AWA's "definition of 'employer' differs from other statutes that authorize liability for supervisors," but argues that the cases precluding individual liability under the AWA were based on distinguishable facts, not based on a conclusion that independent liability is generally foreclosed. (Doc. 22 at 3.) Plaintiff posits that in this case individual liability could be permissible because Whitaker is the owner and exclusive operator of Sonoran. (*Id.*) Plaintiff asks the Court to allow discovery to determine whether Whitaker is considered an "individual . . . employing any person" subject to individual liability. (*Id.* at 3–4, 10.) Moreover, Plaintiff claims individual liability is possible because he is not arguing "wholesale failure to pay wages," but rather untimely failure to pay wages. (*Id.* at 11.)

The Court finds the plain language of the statute allows for *either* individual liability *or* corporate liability, regardless of the scope of the failure. Therefore, Plaintiff cannot raise a claim against both Sonoran, the corporate entity, and Whitaker, the individual.

Levy alternatively asks for leave to amend. (*Id.* at 14.) "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Levy has amended his complaint once, and even additional facts showing Whitaker "has **complete authority and control over the entire business**," would not subject him to individual liability along with Sonoran. (*See* Doc. 22 at 12; *see also Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 7413663, at *13 (D. Ariz.

Nov. 9, 2023) ("No amount of managerial responsibility or substantial control can overcome the [AWA's] statutory definition.").)

Accordingly, IT IS ORDERED:

1) Defendants' Motion to Dismiss Counts III and IV of the First Amended Complaint is GRANTED IN PART and DENIED IN PART. (Doc. 21.)
2) Count III against Defendant Sonoran Rovers LLC shall proceed.
3) Count IV against Defendant Marcus Whitaker is DISMISSED with PREJUDICE.
4) The Court will issue a separate order setting a case management conference.

Dated this 23rd day of June, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge